Justin P. Stalpes
BECK, AMSDEN & STALPES, PLLC
1946 Stadium Drive, Suite 1
Bozeman, MT 59715
Phone: (406) 586-8700
Fax: (406) 586-8960
justin@becklawyers.com

*Attorneys for the Plaintiff*

\* \* \* \* \* \* \*
# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION
\* \* \* \* \* \* \*

| | |
|---|---|
| FIRST NATIONAL BANK OF SIOUX FALLS, as Personal Representative for the Estate of TRAVIS ALBERT CARLSON,<br><br>Plaintiff,<br><br>vs.<br><br>THE ESTATE OF ERIC RYAN CARLSON.<br><br>Defendant. | Cause No. _____<br><br>**COMPLAINT FOR DAMAGES and REQUEST FOR JURY TRIAL** |

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff First National Bank of Sioux Falls, South Dakota is the Personal Representative of the Estate of Travis Albert Carlson. First National Bank was appointed the Personal Represented by the Second Judicial Circuit Court, County of Lincoln, South Dakota, Cause No. PRO. 17-70. At the time of his death, Travis Carlson was 39 years-old and domiciled in Lincoln County, South Dakota, and working in Carter County, Montana.

2. Defendant Estate of Eric Ryan Carlson is the Estate of deceased tortfeasor Eric Carlson who shot and killed Travis Carlson on October 19, 2017. Melissa Carlson is the Personal Representative of the Estate of Eric Ryan Carlson, Cause No. DP 6-2018-3, filed in Carter County, Montana. At the time of his death, Eric Carlson was domiciled in Carter County, Montana.

3. Plaintiff has previously filed a written statement of its claim against the Estate of Eric Carlson, as required by Mont. Code Ann. § 72-3-804(1).

4. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332(a) on the basis of diversity of citizenship between the parties and because the amount in controversy exceeds the jurisdiction minimum of $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the acts and omissions giving rise to the claims asserted occurred in Carter County, Montana.

## ALLEGATIONS COMMON TO ALL COUNTS

6. On October 19, 2017, Travis Albert Carlson [Travis] was building fence in Carter County, Montana when he was shot by his twin brother, Eric Carlson [Eric].

7. Eric took his own life after shooting Travis. Eric was found dead on October 20, 2017, from a self-inflected gunshot wound.

8. Travis survived and suffered an appreciable amount of time after he was first shot by Eric.

9. On the date of his untimely death, Travis was 39 years old, married and had three minor children.

10. As a result of Eric's actions, Travis's spouse and children have been wrongfully deprived of Travis's earnings, care, companionship, support and love.

11. As a result of Eric's actions Plaintiff seeks damages for pain and suffering, emotional distress, loss of established course of life, lost past and future earnings, loss of consortium, out-of-pocket expenses, and other general and special damages.

12. Because Plaintiffs' claims are based on wrongful death and survival, they are unliquidated and uncertain, as contemplated by Mont. Code Ann. § 72-3-804.

## COUNT 1 – NEGLIGENCE

13. Plaintiff hereby incorporates every other allegation in this complaint as though fully set forth herein.

14. Defendant had statutory and common law duty to act with reasonable care to prevent the foreseeable risk of harm to Travis.

15. Defendant breached those duties by acting negligently or by failing to act reasonably.

16. As a result, Plaintiff suffered severe and lasting injury, for which the Estate and individuals who have wrongful death claims are entitled to compensation.

## COUNT 2 – SURVIVAL CLAIMS

17. Plaintiff hereby incorporates every other allegation in this complaint as though fully set forth herein.

18. Prior to his death, Travis had causes of action against the Defendant, including negligence.

19. These causes now belong and are being asserted by the Estate of Travis Albert Carlson, by and through his Personal Representative First National Bank of Sioux Falls, pursuant to Mont. Code Ann. § 27-1-501.

20. Damages to which Travis's Estate is entitled include, but are not limited to, emotional distress, mental and physical pain and suffering, loss of established course of life, and loss of earning capacity.

## COUNT 3 - WRONGFUL DEATH

21. Plaintiff hereby incorporates every other allegation in this complaint as though fully set forth herein.

22. As a result of the death of Travis, Plaintiff has suffered damages compensable in a wrongful death action pursuant to Mont. Code Ann. § 27-1-513.

23. Damages which the Plaintiff seeks include but are not limited to emotional distress, mental and emotional pain and suffering, loss of consortium, the loss of comfort and society; the reasonable value of the contributions in money that Travis would reasonably have made for care and support, out-of-pocket expenses and all other damages as under all the circumstances of the case may be just.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendant, including:

1. For all general, special and compensatory damages to be determined at trial;

2. Costs incurred in bringing this action; and

3. For such other and further relief as is deemed just and equitable by this Court.

## **JURY DEMAND**

Plaintiff requests a jury trial of all matters appropriately tried to a jury.

Dated, this 26th day of July 2018.

                         SUBMITTED BY:

                         /s/ Justin P. Stalpes
                         Justin P. Stalpes, Esq.
                         BECK, AMSDEN & STALPES PLLC