Justin P. Stalpes
BECK, AMSDEN & STALPES, PLLC
1946 Stadium Drive, Suite 1
Bozeman, MT 59715
Phone: (406) 586-8700
Fax: (406) 586-8960
justin@becklawyers.com

*Attorneys for the Plaintiff*

\* \* \* \* \* \* \*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

\* \* \* \* \* \* \*

| | |
|---|---|
| FIRST NATIONAL BANK OF SIOUX FALLS, as Personal Representative for the Estate of TRAVIS ALBERT CARLSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>THE ESTATE OF ERIC RYAN CARLSON and GRINNELL MUTUAL REINSURANCE COMPANY,<br><br>    Defendants. | Cause No. CV 18-111-BLG-TJC<br><br>**AMENDED COMPLAINT FOR DAMAGES and REQUEST FOR JURY TRIAL** |

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff First National Bank of Sioux Falls, South Dakota is the Personal Representative of the Estate of Travis Albert Carlson. First National Bank was appointed the Personal Represented by the Second Judicial Circuit Court, County of Lincoln, South Dakota, Cause No. PRO. 17-70. At the time of his death, Travis Carlson was 39 years-old and was living and working in Carter County, Montana at the time of the incident that gives rise to this Complaint.

2.     Defendant Estate of Eric Ryan Carlson (Estate) is the Estate of deceased tortfeasor Eric Carlson who caused the death of Travis Carlson on October 19, 2017. Melissa Carlson is the Personal Representative of the Estate of Eric Ryan Carlson, Cause No. DP 6-2018-3, filed in Carter County, Montana. At the time of his death, Eric Carlson was domiciled in Carter County, Montana.

3.     Defendant Grinnell Mutual Reinsurance Company (Grinnell) is a foreign for-profit corporation with its registered Montana agent in Missoula, Montana. Grinnell's principal place of business is in Iowa.

4.     Plaintiff has previously filed a written statement of its claim against the Estate of Eric Carlson, as required by Mont. Code Ann. § 72-3-804(1).

5.     Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332(a) on the basis of diversity of citizenship between the parties and because the amount in

controversy exceeds the jurisdiction minimum of $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the acts and omissions giving rise to the claims asserted occurred in Carter County, Montana.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Travis and Eric Carlson were twins. At the time of his death, Travis had three children and was married to Luciana Carlson.

8. On October 19, 2017, Travis was building fence on a large ranch in Carter County owned by Ronda Cordell.

9. On that day, unbeknownst to Travis, Eric drove onto the ranch searching for Travis. A man working for Travis, Austin Kumlien who was working in a separate location on the other side of a rise from Travis, first saw what turned out to be Eric's truck at about 8:00 am and mistook it for a hunter scouting for animals.

10. Towards the end of the day, Eric spotted Travis. Travis was working with Mitch Osborne placing posts. By that point in the day they had finished fencing on Ms. Cordell's ranch and had moved onto a neighbor's property.

11. Eric accelerated towards Mitch and Travis and stopped a short distance from where they were working.

12. Travis told Mitch to get to the nearby Ford Ranger and go. Mitch ran to the Ranger and drove a short distance away and then stopped to watch what turned out to be a horrific incident unfold.

13. Eric exited his vehicle and the brothers confronted one another. They argued briefly and then Eric ran back to his truck and grabbed his gun.

14. Travis ran toward his own pickup as Eric fired a shot at Travis. Travis got into his truck, started it and began to drive away. Eric ran back into his truck to pursue Travis.

15. A vehicle chase then ensued. Eric accelerated and closed the distance between the two vehicles. He began firing his weapon as they drove. Eric shot into the truck at least six times as the vehicle chase continued. Mitch later saw and counted these six shell casings near Eric's tire tracks.

16. Eric's vehicle overtook Travis's. Eric pulled his truck in front of Travis's to block his path. The trucks collided and came to a stop. While Travis's exit was blocked by Eric's truck, Eric shot Travis again through the driver's side window. Eric then rummaged through Travis's vehicle, took a number of items, and got back into his own truck. He had to rock the truck back and forth several times to free it from Travis's. Mitch watched as Eric drove away.

17. Eric was found dead on October 20, 2017, from a self-inflected gunshot wound.

18. Travis survived and suffered an appreciable amount of time after he was first shot by Eric.

19. On the date of his untimely death, Travis was 39 years old, married and had three minor children.

20. As a result of Eric's actions, Travis's spouse and children have been wrongfully deprived of Travis's earnings, care, companionship, support and love.

21. As a result of Eric's actions Plaintiff seeks damages for all damages recoverable pursuant to Montana law, including survivorship damages to the Estate of Travis Carlson and wrongful death damages. Specific categories of damages include pain and suffering, emotional distress, loss of established course of life, lost past and future earnings, loss of consortium, out-of-pocket expenses, and other general and special damages.

22. Because Plaintiff's claims are based on wrongful death and survival, they are unliquidated and uncertain, as contemplated by Mont. Code Ann. § 72-3-804.

## COUNT 1 – NEGLIGENCE
**(Against the Estate of Eric Carlson)**

23. Plaintiff hereby incorporates every other allegation in this complaint as though fully set forth herein.

24. Defendant had statutory and common law duty to act with reasonable care to prevent the foreseeable risk of harm to Travis.

25. Defendant breached those duties by acting negligently or by failing to act reasonably.

26. As a result, Plaintiff suffered severe and lasting injury, for which the Estate and individuals who have wrongful death claims are entitled to compensation.

## **COUNT 2 – SURVIVAL CLAIMS**
### **(Against the Estate of Eric Carlson)**

27. Plaintiff hereby incorporates every other allegation in this complaint as though fully set forth herein.

28. Prior to his death, Travis had causes of action against the Defendant, including negligence.

29. These causes now belong and are being asserted by the Estate of Travis Albert Carlson, by and through his Personal Representative First National Bank of Sioux Falls, pursuant to Mont. Code Ann. § 27-1-501.

30. Damages to which Travis's Estate is entitled include, but are not limited to, emotional distress, mental and physical pain and suffering, loss of established course of life, and loss of earning capacity.

## COUNT 3 - WRONGFUL DEATH
### (Against the Estate of Eric Carlson)

31.     Plaintiff hereby incorporates every other allegation in this complaint as though fully set forth herein.

32.     As a result of the death of Travis, Plaintiff has suffered damages compensable in a wrongful death action pursuant to Mont. Code Ann. § 27-1-513.

33.     Damages which the Plaintiff seeks include but are not limited to emotional distress, mental and emotional pain and suffering, loss of consortium, the loss of comfort and society; the reasonable value of the contributions in money that Travis would reasonably have made for care and support, out-of-pocket expenses and all other damages as under all the circumstances of the case may be just.

## COUNT 4 – RECKLESS ENDANGERMENT WITH A VEHICLE
### (Against the Estate of Eric Carlson)

34.     Plaintiff hereby incorporates every other allegation in this complaint as though fully set forth herein.

35.     Eric Carlson used his vehicle in a manner that created a substantial risk of serious physical injury or death to Travis Carlson. Eric carried a gun using his Truck to the scene; he engaged in a vehicle chase and fired his weapon out of the window of the moving vehicle at Travis who was trying to escape; he overtook

and blocked Travis's escape using his vehicle; and he pulled his truck in front of Travis's to block his exit, which ultimately led to Travis's demise.

36. Eric's use of his vehicle in the manner described above was a substantial factor in causing injury and death to Travis. Travis experience fright and horror as Eric pursued him in his truck, and Eric trapped Travis so that he could not escape further injury. But for Eric's reckless use of his vehicle, Travis would have survived the incident.

## COUNT 5– BREACH OF CONTRACT
### (Against Grinnell Mutual Reinsurance Company)

37. Plaintiff hereby incorporates every other allegation in this complaint as though fully set forth herein.

38. Defendant Grinnell issued policy number 0000786344 (Policy) to Travis Carlson and that policy was in effect at the time of Travis's death. Travis was a named insured under the Policy. The Policy provides $1,000,000 of UM/UIM coverage.

39. The Estate of Travis Carlson is entitled to benefits from the Grinnell Policy because the injuries suffered by Travis arose out of Eric's use of an uninsured or underinsured vehicle because Travis's injuries originated from, grew out of, or flowed from Eric's use of his truck, which was instrumental in stalking, shooting, and trapping Travis at the scene. *See Wendell v. State Farm Mut. Auto*

*Ins. Co.*, 1997 MT 17, 293 Mont. 140, 974 P.2d 623 ("[T]he phrase arising out of the use should be broadly interpreted to effect the remedial purposes of UM coverage.")

40. Grinnell has breached its obligation to pay benefits owed to its insured.

## COUNT 6 – DECLARATORY RELIEF
### (Against Defendant Grinnell)

41. Each and every allegation set forth in this complaint is incorporated herein by reference.

42. A current controversy exists between the parties regarding the proper interpretation and application of the Policy's coverage provisions.

43. Pursuant to the Uniform Montana Declaratory Judgments Act, §27-8-101 *et seq.*, M.C.A., Plaintiff is entitled to a declaration of rights under the Policy.

44. Plaintiff also requests supplemental relief as permitted by the Uniform Montana Declaratory Judgments Act, including an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants, including:

1. For all general, special and compensatory damages to be determined at trial;

2. Fees and costs incurred in bringing this action; and

3. For such other and further relief as is deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff requests a jury trial of all matters appropriately tried to a jury.

Dated this 29th day of March 2019.

SUBMITTED BY:

/s/ Justin P. Stalpes
Justin P. Stalpes, Esq.
BECK, AMSDEN & STALPES PLLC

*Attorneys for the Plaintiff*